# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LARRY VIGAL,

    Plaintiff,

v.                                          Civ. No. 18-622 KG/GBW

ANTONIO PADILLA, *et al.*,

    Defendants.

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

THIS MATTER is before the Court *sua sponte*, following Plaintiff Larry Vigal's failure to appear at a March 13, 2019, telephonic status conference and his subsequent failure to respond to the Court's Order to Show Cause. *Doc. 28*. Based on Plaintiff's failure to prosecute and failure to comply with the Court's orders, the Court hereby DISMISSES Plaintiff's Complaint with prejudice.

### I. BACKGROUND

Plaintiff commenced this suit on June 1, 2018, in the Fourth Judicial District Court of New Mexico, asserting federal claims arising from his incarceration. *See generally Doc. 1-1*. Defendants removed the action to this Court on July 2, 2018. *Doc. 1*. Plaintiff was released from the New Mexico Department of Corrections in December 2018. *Doc. 24* at 1.

On February 13, 2019, Joseph Kennedy moved to withdraw as counsel for Plaintiff. *See id*. He explained in his motion that he had attempted to meet with Mr. Vigal numerous times, without success, but was unable "to establish and maintain regular contact with Plaintiff since his release from prison and is therefore unable to zealously advocate for Plaintiff." *Id.* at 2. Mr. Kennedy described how he had attempted to reach out to Mr. Vigal by contacting his mother, but

had obtained no independent contact information for Plaintiff. *Id*. On February 15, 2019, the Court issued an order granting Mr. Kennedy's Motion to Withdraw. *Doc. 25*.

Plaintiff, now proceeding *pro se*, failed to appear at the telephonic status conference scheduled for March 13, 2019. *Docs. 26, 28*. The Order Setting Telephonic Status Conference (*Doc. 26*) was issued nearly a month prior and mailed to the address of Plaintiff's mother. The Court issued an Order to Show Cause on March 18, 2019, directing Plaintiff to show cause why the Court should not assess sanctions against him, including dismissal of his claims, for his failure to appear at the telephonic status conference. *Doc. 28*. The response deadline was April 10, 2019. That deadline has now passed and, to date, Plaintiff has not responded.

## II. LEGAL STANDARD

A court may dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal generally "operates as an adjudication on the merits." *Id*. The case may be dismissed upon motion of the defendant, or by the court *sua sponte*. "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Federal Rules also specifically state that a court may issue sanctions for failure to appear "at a scheduling or other pretrial conference[.]" Fed. R. Civ. P. 16(f)(1)(A).

The Tenth Circuit has identified five factors for district courts to consider in determining whether to issue a dismissal sanction. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). These factors are as follows:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted). These factors "do not constitute a rigid test[.]" *Ehrenhaus*, 965 F.2d at 921. Rather, they are factors that a district court "may wish to consider" in deciding whether to dismiss an action. *Lee*, 638 F.3d at 1323. *See also Archibeque v. Atchison, T & S.F. Ry.*, 70 F.3d 1172, 1174–75 (10th Cir. 1995) (upholding dismissal despite the fact that the district court did not evaluate all five *Ehrenhaus* factors). District courts enjoy "very broad discretion" in their use of sanctions. *Lee*, 638 F.3d at 1320 (internal quotation and citation omitted).

### III.  ANALYSIS

Considering the case in light of the *Ehrenhaus* factors, the Court finds that this cause of action should be dismissed for Plaintiff's failure to appear at the status conference and his failure to comply with the Court's show cause order.

1. <u>Actual Prejudice to Defendants</u>

Plaintiff's absence has already resulted in significant prejudice to Defendants. Defendants in this case cannot move forward with discovery in a timely manner and have been unable to so much as depose Plaintiff. *See Doc. 27*. Due to the uncertainty and delay associated with Plaintiff's failure to appear at the conference, respond to discovery requests, or communicate with counsel in any way, discovery deadlines in this matter have already been moved back repeatedly. *See Docs. 21, 29*. The first factor weighs in favor of dismissal.

2. <u>Interference with the Judicial Process</u>

"Willful" conduct, such as willful failure to comply with a court order, constitutes interference with the judicial process for purposes of the second *Ehrenhaus* factor. *Ehrenhaus*,

3

965 F.2d at 921. Plaintiff's failure to appear at the status conference and his failure to respond to the show cause order likely were not willful, as it is doubtful that his mother succeeded in contacting him regarding the Court's orders. On the other hand, Plaintiff has intentionally prolonged the judicial process by repeatedly cancelling and missing appointments since his release. *See doc. 24* at 1–2 (For example, after multiple missed appointments "Plaintiff was rescheduled to come to the office…to meet with counsel on February 12, 2019. Plaintiff called at 9:55 a.m. to advise that he would be 10-15 minutes late to the scheduled 10:00 a.m. appointment. Plaintiff did not arrive for the scheduled appointment nor did he call to cancel."). *See, e.g.*, *Holmstrom v. Bd. of Cty Comm'rs for Chaves*, 2016 WL 9777150, at *2 (D.N.M. June 13, 2016) (unpublished) (finding interference with the judicial process where plaintiffs' actions "unnecessarily delay[ed] the judicial process"). Therefore, the Court concludes that the delay caused by Mr. Vigal's actions has interfered with the judicial process and weighs in favor of dismissal.

3. Culpability of the Litigant

There is no indication that Plaintiff's failure to remain in contact with opposing counsel or the Court is outside of his control. Accordingly, the Court finds that Plaintiff is culpable for his failure to appear and his failure to respond to the show cause order.

4. Advance Warning

Plaintiff received clear warning that failure to comply could result in the dismissal of his claims. The March 18 Order to Show Cause directed him to show cause "why the Court should not assess sanctions against him to include dismissal of his claims." *Doc. 28* at 2. In addition, the Order explicitly warned that "[f]ailure to file a response in writing shall constitute an independent basis for dismissal." *Id*. This factor weighs heavily in favor of dismissal.

5. <u>Efficacy of Lesser Sanctions</u>

Finally, it does not appear that any lesser sanctions would be effective in remedying the prejudicial effects of Plaintiff's continued absence. Plaintiff has failed to maintain communication with the Court and counsel for months, despite various efforts to reach him, and the Court is unconvinced that any remedy, short of dismissal, would appropriately address the circumstances at hand.

**IV.　CONCLUSION**

Based on the foregoing analysis, the Court finds that dismissal of this action is a just and appropriate sanction for Plaintiff's failure to prosecute and comply with Court orders. The instant suit is therefore DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE